UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NORTHWEST SHEET METAL WORKERS ORGANIZATIONAL TRUST, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TACOMA ARCHITECTURAL METALS, LLC,<br><br>Defendant. | Case No.  C06-1837RJB<br><br>ORDER NOTIFYING DEFENDANT OF REQUIREMENTS TO RESPOND  TO MOTION FOR SUMMARY     JUDGMENT |

The Court, having considered the civil complaint and the files and records herein, does hereby notify Defendant of the requirements to respond to the Plaintiffs' motion for summary judgment.  On the outset, the Court notes that as of January 22, 2007, Defendant has been informed that a corporation must be represented by a licensed attorney in federal court pursuant to *Rowland v. California Men's Colony,* 506 U.S. 194, 202 (1993).  Dkt. 5.  As of the date of this order, no counsel has filed a notice of appearance on behalf of the Defendant corporation.  Accordingly, Defendant is notified that:

(1) Plaintiffs filed a motion for summary judgment under Fed. R. Civ. P. 56, which is noted for consideration on May 18, 2007.

(2) Defendant is notified that Plaintiffs have filed a motion for summary judgment.  If one of the parties files a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56, the opposing party must respond, by affidavits or as otherwise provided in Rule 56, and must set forth specific facts showing that

ORDER
Page - 1

there is a genuine issue for trial.  In the event Plaintiff files a motion for summary judgment by which it seeks to have the relief requested in the complaint granted, Defendants are notified that summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end the case.

Rule 56 tells a defendant what they must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact–that is, if there is no real dispute about any fact that would affect the result of plaintiffs' case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end plaintiffs' case.  When a plaintiff makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), a defendant cannot simply rely on what their answer says.  Instead, a defendant must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the plaintiff's declarations and documents and show that there is a genuine issue of material fact for trial.  If a defendant does not submit their own evidence in opposition, summary judgment, if appropriate, may be entered against them.  If summary judgment is granted, plaintiffs' may be granted the relief they request.

(3) Plaintiffs' motion for summary judgment is noted for consideration on the Court's May 18, 2007 calendar.  Defendant may file a response to the motion for summary judgment, including declarations, depositions, answers to interrogatories, or authenticated documents, by May 14, 2007, and shall provide a copy of any such response to Plaintiffs' counsel by that date.  If Defendant does not file a response providing the appropriate documentation as described above, judgment may be granted in Plaintiffs' favor. If judgment is granted in Plaintiffs' favor, there will be no trial.  Counsel for Plaintiff may file any reply to the response by May 17, 2007.

(4) The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED THIS 8th day of May, 2007.

Robert J. Bryan
United States District Judge